IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEEMAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1329 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| GLASS AMERICA, LLC, GLASS | ) | Re: ECF No. 58 |
| AMERICA MIDWEST LLC, | ) | |
| | ) | |
| Defendants/Third-Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLAKE W. JOHNSON, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION**

**KELLY, Magistrate Judge**

Presently before the Court is a Motion to Transfer Venue filed on behalf of Defendants

Glass America LLC and Glass America Midwest LLC (collectively, "the Glass America

Defendants"). ECF No. 58. For the following reasons, the motion will be granted.[1]

---

[1] "A motion to transfer venue … involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)." Hadnot v. Welz, No. 1:23-791, 2023 WL 8113267, at *2 (M.D. Pa. Nov. 22, 2023) (citing Berg v. Aetna Freight Lines, No. 07–1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008) (collecting cases)). "This is true 'because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction.'" Berg, at *1 (citing Adams v. Key Tronic Corp., No. 94-535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases)). Therefore, the decision to transfer rests within the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. Franklin v. GMAC, No. 13-0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013).

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Beemac, Inc. ("Beemac") is a motor carrier with its principal place of business in Ambridge, Pennsylvania. ECF No. 18 ¶¶ 1, 11. Through its Amended Complaint, Beemac asserts claims against Glass America LLC, a Delaware limited liability company, and Glass America Midwest LLC, also a Delaware limited liability company. ECF No. 23 ¶ 1, ECF No. 18 ¶ 4. Beemac presents claims for negligence and vicarious liability for damages sustained to its new tractor-trailer in a motor vehicle accident. The accident occurred on February 2, 2022 when a van operated by Third-Party Defendant Blake W. Johnson ("Johnson") struck the tractor-trailer on Route AL-158 in Ridgeway, Alabama. ECF No. 18.  Johnson is a resident of Alabama. ECF No. 65 at 2.

Beemac alleges that the accident was caused by Johnson's recklessness or negligence while operating a van leased or maintained by Glass America LLC or Glass America Midwest LLC. ECF No. 18 ¶ 14. Beemac further alleges that at the time of the accident, Johnson was driving in the scope and course of his employment with Glass America Midwest LLC. Id. As a result of Johnson's alleged recklessness or negligence in the operation of the van, Beemac's tractor-trailer sustained damages in excess of $227, 263.63. Id. ¶ 10.

Beemac originally filed this action on June 19, 2023, in the Court of Common Pleas of Beaver County, Pennsylvania against Glass America of Illinois, LLC. ECF No. 1-1 at 7. Glass America of Illinois removed the action to this Court on July 25, 2023, and on August 2, 2023, filed a Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 5. The Court granted Beemac leave to conduct jurisdictional discovery. ECF No. 14. On November 29, 2023, Beemac filed an Amend Complaint against the Glass America Defendants. ECF No. 18. On January 12, 2024, the Glass America Defendants filed Answers to the Amended Complaint and asserted third-party claims against Johnson. ECF Nos. 23, 24. The Glass America Defendants allege that a toxicology

analysis from a urine sample collected on the day of the accident revealed that Johnson tested positive "for several illegal drugs." Id. at 16. The Glass America Defendants also allege that the use of illegal drugs caused the underlying accident and that Johnson's operation of the vehicle under the influence of drugs was outside the course and scope of his employment. Id. at 17. Thus, the Glass America Defendants seek to recover damages from Johnson in the amount of any judgment entered in Beemac's against them. The Glass America Defendants assert that venue in this District is improper, but for purposes of their third-party claims only, venue lies under the doctrine of ancillary venue. ECF No. 23 at 3, 15.

Johnson was served with the Complaint on March 21, 2024. On April 15, 2024, Johnson filed correspondence with the Court stating that the accident occurred when Beemac's tractor-trailer pulled into his path. ECF Nos. 40, 42. Johnson adds that he sustained serious injuries that left him in critical condition for several weeks. He asserts that he has no assets and has been unable to work. As a result, he lacks the funds and means to travel to Birmingham, Alabama or to Pennsylvania. Id.

On May 15, 2024, counsel entered an appearance on Johnson's behalf and filed a Motion to Dismiss claims against him by the Glass America Defendants for attorney's fees. ECF Nos. 43, 47. Glass America argues that choice of law rules favor application of Alabama law because it is the location of the accident, where damages were sustained, and where the relationship between the parties is centered. ECF No. 53. If Alabama law applies, Glass America contends that attorney's fees are recoverable.

The Glass America Defendants followed on July 22, 2024, with the instant Motion to Transfer Venue supported by Beemac's Rule 26(a) Supplemental Initial Disclosures, Beemac's discovery responses, declarations of their counsel and an eyewitness to the accident, and a brief in

support. ECF Nos. 58, 58-1, 59. The next day, counterclaim counsel entered an appearance on Johnson's behalf. As of this date, a counterclaim has not yet been asserted. ECF No. 61. Beemac filed a Brief in Opposition to the Motion to Transfer Venue. ECF No. 64. Third-Party Defendant Johnson also filed a response indicating that he opposes transfer. ECF No. 65. The Glass America Defendants filed a Reply Brief in support of the Motion to Transfer Venue. ECF No. 70.

The Motion to Transfer Venue is ripe for consideration.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court must "'accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits.'" Rudolf v. Am. Int'l Grp., Inc., No. 19-1468, 2020 WL 5544423, at *6 (W.D. Pa. Sept. 16, 2020) (quoting Bockman v. First Am. Mktg. Corp., 459 F. App'x 157, 158 n. 1 (3d Cir. 2012)). "'This Court may evaluate facts outside the complaint to determine proper venue; however, all reasonable inferences must be drawn in the plaintiff's favor.'" Id. (quoting Rabner v. Titelman, No. 15-1313, 2016 WL 1613444, at *4 (W.D. Pa. Apr. 22, 2016)). As the moving parties, the Glass America Defendants bear the burden of establishing the need for the transfer. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). If venue is improper, the Court may either dismiss the case or transfer it to a district in which it could have originally been brought. Id.; 28 U.S.C. § 1406(a).

## III.   DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, "the court

must decide whether the district to which the movant seeks to transfer the case has proper

jurisdiction and venue." PNC Bank, N.A. v. United Servs. Auto. Ass'n, No. 20-1886, 2021 WL

2209245, at *10 (W.D. Pa. June 1, 2021).

When the court determines that jurisdiction and venue may lie in both fora, the court then

analyzes whether transfer is appropriate by balancing private and public interests. Jumara, 55 F.3d

at 879. The private interest factors include: the plaintiff's choice of venue; the defendant's

preference; whether the claim arose elsewhere; the convenience of the parties as reflected by their

relative physical and financial condition; the convenience of the witnesses – but only to the extent

that the witnesses may actually be unavailable for trial in the fora; and the location of books and

records (similarly limited to the extent that the records could not be produced in the alternative

forum). Id. at 879. The public interests include the enforceability of the judgment; practical

considerations that could make the trial easy, expeditious, or inexpensive; the relative

administrative difficulty in the two fora resulting from court congestion; the local interest in

deciding local controversies at home; the public policies of the fora; and the familiarity of the trial

judge with the applicable state law in diversity cases. Id. at 878-80.

Turning to the first prong, jurisdiction over an action is appropriate in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if there
is no district in which an action may otherwise be brought as provided in this
section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Beemac does not dispute that venue is proper in the Southern District of Alabama because

the accident giving rise to the claims occurred in that district. 28 U.S.C. § 1391(b)(2). ECF No. 64

at 7 *n.2.* That said, Beemac argues that it sustained damages in this district because it remitted payment for repairs from its Western Pennsylvania corporate headquarters and thus absorbed the financial loss here. Id. at 11. The Glass America Defendants admit that they regularly conduct business within the Commonwealth of Pennsylvania and provide products and services in Pennsylvania. Id. ¶¶ 8-9; see also ECF No. 23 ¶ 3, ECF No. 24 ¶ 3. Thus, the Glass America Defendants are subject to Pennsylvania's long-arm statute, 42 Pa. C.S. § 5322. The Court finds that jurisdiction and venue are proper in both the Western District of Pennsylvania and the Southern District of Alabama. 28 U.S.C. § 1404(c)(2).

Because jurisdiction and venue are proper in both districts, the Court next considers the private and public interests to determine "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879 (citation and quotation marks omitted).

## 1.  Private Interest Factors

Generally, a plaintiff's choice of forum is "paramount" and should not be "lightly disturbed." Id. at 879-80. "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." Bensalem Lodging Assocs., LLC v. Holiday Hosp. Franchising, LLC, 575 F. Supp. 3d at 538 (quoting Penn Mut. Life Ins. v. BNC Nat. Bank, 2010 WL 3489386, at *8 (E.D. Pa. Sept. 2, 2010), in turn quoting Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). Beemac contends that its choice is entitled to deference because it "resides" in Western Pennsylvania, the tractor-trailer is operated out of Western Pennsylvania, and this is the location where funds to pay for repair costs originated. ECF No. 64 at 10.

As to the weight the Court should afford Beemac's choice of venue, Beemac cites Rudolf, 2020 WL 5544423, at *11, in which the Court denied a motion to transfer venue in part because the plaintiff resides in this district. Still, residence was not the determinative factor in Rudolf. Instead, the Court found that several incidents that formed the basis of the plaintiff's claims occurred in Western Pennsylvania. Id. at 13 ("While some relevant events did occur in New York, including Rudolf's termination, Rudolf's claims also bear a significant connection to Pennsylvania. Rudolf pleads, for example, multiple employment discrimination claims arising out of his work he performed in Pennsylvania, and he engaged in alleged whistleblowing giving rise to Counts I and II from Pennsylvania."). Similarly, in Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd., No. 09-290, 2009 WL 3055300, at *2 (W.D. Pa. 2007), a patent infringement action, the district court found that the moving defendant failed to refute the plaintiff's assertion that infringing activity took place in this district, and some infringing products were sold here. Id. at *3. And, in Mold Medics LLC v. All Am. Restoration Corp., No. 21-1851, 2022 WL 3999886, at *11 (W.D. Pa. Sept. 1. 2022), the district court denied a motion to transfer venue a because a "substantial part" of the events giving rise to the plaintiff's trademark infringement claims occurred in this district, including contacts with customers and prospects using an infringing domain.

Perhaps the most analogous case cited by Beemac is Brown v. Kia Motors Corp., No. 06-804, 2007 WL 539652 (W.D. Pa. Feb. 15, 2007). There, the district denied a motion to transfer venue to the district where an automobile accident occurred. However, the district court found that the plaintiff was recovering from severe injuries, required medical equipment that would not easily be transported out of state, and required caregivers who were unable to accompany him to the transferee jurisdiction. In addition, the claim arose from an alleged product defect, thus the claim

"does not have a single 'situs.'" Id. at *3. Here, Beemac alleges no such travel limitations and while payment for repairs issued from its offices in Western Pennsylvania, the repairs were completed in Alabama where the accident occurred, and where nearly all witnesses reside. Thus, Beemac's choice of venue weighs in its favor, but is not determinative.[2]

The second and third factors – the preference of the defendants and the location of where the claims arose – both favor transferring this action to the Southern District of Alabama. The Glass America Defendants state that their preference is Alabama, the site of the underlying accident, and where nearly all material eyewitnesses and the investigating Alabama law enforcement agent reside. ECF No. 59 at 9; ECF No. 58-1 at 6-8, 15-16.

Accident eyewitness Elwood Godwin states that travel to Pittsburgh is beyond his relative means and would be a hardship to his family and impact his employment. ECF No. 58-1 at 100. Critically, Godwin is one of eight material nonparty witnesses identified by Beemac who are beyond the subpoena power of this Court but within the reach of the transferee court. Id. at 7-8. See also Fed. R. Civ. P. 45(c)(1)(A) (A federal court may subpoena an individual to appear at a trial, hearing, or deposition, "within 100 miles of where the person resides, is employed, or regularly transacts business in person."). Thus, while the Glass America Defendants have not obtained statements from each of the eight witnesses regarding their willingness to travel from Alabama to Western Pennsylvania, "[t]he fact that these witnesses fall outside this Court's reach

---

[2] The Court is unpersuaded by Glass America's contention that Beemac's preference should be disregarded because this case was originally filed in state court. ECF No. 59 at 8. For that proposition, Glass America cites Deist v. Washington Univ. Med. Ctr., 385 F. Supp. 2d 772, 774 (S.D. Ill. 2005). In Deist, the district court granted a motion to transfer venue because: (1) all medical care at issue in the medical malpractice action was rendered in the transferee jurisdiction; (2) all medical records and bills were maintained in that jurisdiction; (3) the distance between the two federal courthouses was less than five miles; and (4) the plaintiff filed her lawsuit simultaneously in the state courts of both the transferee and the transferor jurisdictions. Thus, the fact that the lawsuit was initially filed in the transferor state court bore little relation to the ultimate reason the lawsuit was transferred. Id. In this case, the state court is within the Western District of Pennsylvania and a relatively short driving distance from the courthouse. Thus, the Court will not disregard Beemac's preference based on the location it first filed this litigation.

is sufficient to demonstrate unavailability." <u>Solve Together, LLC v. FedEx Corp.</u>, No. 22-2090, 2022 WL 5125087, at \*6 *n.* 6 (E.D. Pa. Oct. 4, 2022) (citing <u>Gore v. Stryker Corp.</u>, No. 09–2987, 2010 WL 3069653, at \*5 n.7 (E.D. Pa. Aug. 4, 2010) ("Actual unavailability in this context means outside the subpoena power of the forum, such that testimony from the witness would be restricted to deposition or video testimony."); <u>Stillwagon v. Innsbrook Golf & Marina, LLC</u>, No. 2:11–1338, 2013 WL 1180312, at \*28 (W.D. Pa. Mar. 20, 2013) ("[H]ere, where none of the listed potential non-party witnesses are within this Court's subpoena power, but all are presumably within the proposed transferee Court's subpoena power, this factor weighs heavily in favor of transfer.").

The Court is not persuaded by Beemac's contention that the Alabama witnesses may appear by video. At this time, Johnson contests the cause of the accident and asserts that Beemac's truck crossed the median and into his path of travel. ECF No. 42. Johnson also contests the findings of the investigating law enforcement officer, who he states did not interview him. Thus, the disputed accounts are subject to an assessment of the credibility of all eyewitnesses and "there is no doubt that live—rather than video-recorded—testimony better enables a factfinder to assess a witness's credibility. <u>Solve Together</u>, 2022 WL 5125087, at \*6 (citing <u>InfoMC, Inc. v. Comprehensive Behav. Care, Inc.</u>, No. 10–4907, 2012 WL 1114360, at \*17 (E.D. Pa. Mar. 30, 2012) ("[I]t is well recognized that live testimony is preferred over videotaped depositions or other means of presenting evidence."); <u>Wireless Media Innovations, LLC v. LeapFrog Enterprises, Inc.</u>, No. 13–1545, 2014 WL 1203035, at \*4 (D. Del. Mar. 20, 2014) (explaining that "deposition testimony is not a complete substitute for live trial testimony")). Because nearly all material witnesses may have to appear by video, the third factor weighs strongly in favor of transfer.

The fourth factor assesses the parties' convenience as reflected by their relative physical and financial condition. Beemac and the Glass America Defendants do not represent that they are

incapable of travel to Alabama or unable to incur costs associated with litigating there. However, Third-Party Defendant Johnson states that he continues to recover from his extensive injuries sustained in the accident, that he has lost vision in his left eye, requires knee surgery, and cannot work. In consideration of his role in the accident and as a party, this factor weighs in favor of transfer.[3]

The fifth factor assesses the witnesses' convenience. For the reasons explained in relation to the third factor, this factor favors weighs heavily in favor of transfer.

The sixth factor – availability of books and records – is neutral. Neither party suggests that accident and repair records are unavailable in this forum.

In sum, as to the private interest factors, one factor weighs against transfer, one factor is neutral, and four factors weigh in favor of transfer.

## 2.  Public Interest Factors

Because the private interest factors weigh in favor of transfer, the Court turns to the public interest factors which include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-80 (internal citations omitted). When evaluating these factors, "the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the

---

[3] Johnson's insurer has engaged local counsel to provide a defense. ECF No. 65 at 2. Defense counsel asserts that Johnson has engaged a local attorney to prosecute a counterclaim on his behalf. ECF No. 65 at 2. Through defense counsel, Johnson opposes transfer of venue because of the inconvenience of locating new Alabama counsel to pursue a claim on his behalf. Id. Upon review, it appears that counterclaim counsel entered an appearance on July 23, 2024, but has not filed a counterclaim for injuries arising out of an accident that occurred more than two years ago. Thus, this factor does not weigh against transfer given Johnson's self-described injuries and medical condition that would make travel burdensome.

connection of that conduct to plaintiff's chosen forum." Lacey v. Cessna Aircraft Co., 862 F.2d 38, 48 (3d Cir. 1988) (internal quotation and citations omitted).

No party challenges the enforceability of any judgment that may be entered in this action. As a result, the first factor is neutral.

As to the second factor and giving due consideration to the practical considerations that could make trial of this matter easy, expeditious, or inexpensive, the Court finds that the location and residence of nearly all material witnesses make a trial in Alabama far less expensive and far easier to administer.

The third factor relating to administrative difficulty and court congestion is not addressed by either party, but the Federal Court Management Statistics reveal that this factor weighs in favor of transfer.[4] As of June 2024, judges in the Southern District of Alabama have an average of 325 filings per year, with 308 pending cases. Judges in the Western District of Pennsylvania have an average of 354 filings per year, and 573 pending cases. Id. These statistics suggest a higher level of court congestion in the transferor court that favors transfer.

The fourth and fifth factors assess the local interest in the subject matter of the litigation and the public policies of the fora. Beemac asserts, and the Court agrees, that Pennsylvania has an interest in providing a forum for its resident corporations and protecting them from financial loss. But Beemac also contends that this action "has absolutely nothing to do with the enforcement of Alabama traffic and safety laws, the regulation of commerce in Alabama, or public safety. Rather, it argues that this action solely concerns whether Mr. Johnson, who was then employed by Glass America, negligently caused the accident at issue and whether Glass America is liable for Mr. Johnson's negligent acts… ." ECF No. 64 at 18. The issues disregarded by Beemac directly

---

[4] See https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2024.pdf

concern the safety of Alabama roadways and the imposition of liability for the violation of its laws. To that end, Beemac alleges that Johnson recklessly and negligently operated a van on Alabama roads in violation of Alabama's motor vehicle law. ECF No. 18 ¶ 15. The Glass America Defendants allege that Johnson operated the van while under the influence of illegal drugs, also in violation of Alabama law. ECF No. 23 ¶ 11. As the locus of the allegedly illegal activity, the Court finds that Alabama has a strong interest in the imposition of liability for the misconduct alleged against Johnson. Thus, the fourth and fifth factors weigh in favor of transfer.

The sixth factor addresses the trial judge's familiarity with the applicable state law. In this tort case between diverse parties, questions of negligence, recklessness, and vicarious liability must be addressed. Because Alabama is the location of the accident, it appears that liability would be based on an application of Alabama law. The Court finds that no matter which state law applies, these concepts do not present a challenge. Thus, this factor is neutral.

In balance, the public interest factors also weigh in favor of transfer.

## IV.     CONCLUSION

Because the Glass America Defendants have established that Beemac's choice of venue is outweighed by the private and public interests considered by the Court, the Motion to Transfer Venue is properly granted. An appropriate order follows.

Dated: October 1, 2024                    BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record by Notice of Electronic Filing